## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREAT LAKES INSURANCE SE**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 20-553-KSM** |
| **WAGNER DEVELOPMENT COMPANY, INC.**, | |
| Defendant. | |

<u>**MEMORANDUM**</u>

**MARSTON, J.**                                      **September 24, 2021**

This is a declaratory judgment action in which Plaintiff Great Lakes Insurance SE ("Great Lakes") seeks a declaration that it is not required to defend or indemnify Defendant Wagner Development Company, Inc. ("Wagner") in an underlying state court action arising out of injuries allegedly sustained by a Wagner subcontractor's employee due to Wagner's negligence. (Doc. No. 1.) Presently before the Court is Great Lakes's motion for judgment on the pleadings. (Doc. No. 15.) For the reasons discussed below, the motion is granted.

### I.

The material facts of this case are undisputed. In January of 2017, Wal-Mart Stores, Inc. hired Wagner to perform renovations at a Sam's Club store located in Easton, Pennsylvania. (Doc. No. 1 at ¶ 11.) To help perform the renovations, Wagner hired multiple subcontractors, including Harring Fire Prevention, LLC ("Harring") and Maximus Electric Services ("Maximus"). (*Id.* at ¶¶ 16–17.) Part of the subcontract between Wagner and Maximus required that Wagner be listed as an additional insured on any commercial liability insurance policy

maintained by Maximus. (*Id.* at ¶ 18.) During the relevant time period, Maximus maintained a commercial general liability policy with Great Lakes; Wagner was named as an additional insured on that policy. (*Id.* at ¶¶ 19–20; *see also* Doc. No. 1, Ex. B., at p. 98 [hereinafter Ins. Pol'y].)

On July 11, 2017, Stan Giercyk, a Harring employee, was allegedly injured while working on the Sam's Club jobsite. (*Id.* at ¶¶ 8–10.) Giercyk and his wife filed suit against Wagner and Sam's Club in Pennsylvania state court, alleging that Giercyk's injuries were a result of Wagner's negligence and carelessness. (*Id.* at ¶¶ 12, 14–15. *See generally* Doc. No. 1, Ex. A, pp. 17–36.) As an additional insured under Maximus's Greak Lakes's policy, Wagner has demanded insurance benefits related to Giercyk's underlying state court complaint. (Doc. No. 1 at ¶ 26.) Great Lakes denied coverage on January 28, 2020. (*Id.* at ¶ 27.)

The relationships among these parties are represented visually here:



Maximus's insurance policy includes several provisions that Great Lakes cites as bases for denying Wagner's claim.[1] (*See id.* at ¶¶ 21–25.)  In this opinion, we focus on Great Lakes's argument that the policy does not apply to personal injuries sustained by the insured's contractors, subcontractors, or their employees:

> The following paragraph is added to Paragraph **2. Exclusions** of **SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and, to Paragraph **2. Exclusions** of **SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY:**
>
> **2. Exclusions**
>
> This insurance does not apply to "bodily injury", "property damage," or "personal and advertising injury" sustained by:
>
> (1) Any independent contractor or subcontractor hired by you or on your behalf; or
>
> (2) Any employee, leased worker, casual worker, temporary worker, or volunteer worker of any independent contractor or subcontractor hired by you or on your behalf.
>
> This exclusion applies:
>
> (1) Whether the insured may be liable as an employer or in any other capacity;
>
> (2) To any obligation to share damages with or repay someone else who must pay damage of the injury; or
>
> (3) To liability assumed by the insured under an "insured contract".
>
> An independent contractor or subcontractor will be considered to be hired by you or on your behalf if the independent contractor or subcontractor was hired directly by any insured or was hired by another independent contractor or subcontractor who was hired by any insured.

---

[1] Great Lakes relies on three exclusions for why it is not required to defend or indemnify Wagner in the underlying complaint. (*See* Doc. No. 15-1 at pp. 10–15.)  Because the Court finds that the contractor or subcontractor exclusion applies, the Court does not address the parties' arguments about whether the worker's compensation and employer's liability exclusions also bar coverage.  (Doc. No. 1 at ¶¶ 21–25; *see also* Doc. No. 15 at ¶¶ 9–11; Doc. No. 18 at pp. 3–5.)

(Ins. Pol'y at p. 76.)

On January 30, 2020, Great Lakes filed this lawsuit seeking a declaration that it is not required to defend or indemnify Wagner against Giercyk's claims in the underlying state court complaint.  (Doc. No. 1.)  Wagner filed its answer on April 6, 2020.  (Doc. No. 9.)  Subsequently, Great Lakes filed the instant motion for judgment on the pleadings.  (Doc. No. 15.)  Wagner filed a response in opposition, (Doc. Nos. 17–18), and Great Lakes filed a reply in further support of its motion.  (Doc. No. 19.)

II.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Judgment on the pleadings is appropriate if "the movant clearly establishes that no material issue of fact remains to be resolved that he is entitled to judgment as a matter of law."  *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1988)).  A dispute of fact is material if there is sufficient evidence for a reasonable factfinder to find in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[2]  When determining whether the moving party is entitled to judgment as a matter of law, the Court must view the facts in the light most favorable to the non-moving party.  *Rosenau*, 539 F.3d at 221; *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n.4 (3d Cir. 1986).  "In deciding a motion for judgment on the pleadings, a court may consider 'the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiff's claims are based on the documents, and matters of public record.'"  *Burlington Ins.*

---

[2] Although *Anderson* defined materiality in the context of a motion for summary judgment, courts have applied this definition when reviewing a motion for judgment on the pleadings.  *See, e.g.*, *Burlington Ins. Co. v. Shelter Structures, Inc.*, 484 F. Supp. 3d 237, 240 & n.17 (E.D. Pa. 2020).

*Co.*, 484 F. Supp. 3d at 240 (quoting *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010)).

III.

Under Pennsylvania law, "[c]ontract interpretation is a question of law that requires the court to ascertain and give effect to the intent of the contracting parties as embodied in the written agreement." *In re Old Summit Mfg., LLC*, 523 F.3d 134, 137 (3d Cir. 2008) (alteration in original) (quoting *Dep't of Transp. v. Pa. Indus. for the Blind & Handicapped*, 886 A.2d 706, 711 (Pa. Commw. Ct. 2005)); *see also Pa. Env't Def. Found. v. Pennsylvania*, 255 A.3d 289, 304 (Pa. 2021). Courts applying Pennsylvania law are required to give effect to a contract's clear and unambiguous language. *401 Fourth Street, Inc. v. Invs. Ins. Grp.*, 879 A.2d 166, 171 (Pa. 2005); *see also Wilson v. Hartford Cas. Co.*, 492 F. Supp. 3d 417, 426 (E.D. Pa. 2020). A contract's terms "are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts." *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999). However, courts must not "distort the meaning of the language or resort to a strained contrivance in order to find an ambiguity," and must give effect to a contract's clear and unambiguous terms. *Id.*

Here, it is undisputed that Wagner is the general contractor who hired Maximus and Harring as subcontractors to work on the renovation project at the Sam's Club jobsite. Wagner is named as an additional insured on Maximus's Great Lakes insurance policy. The Great Lakes policy includes an exclusion for injuries to independent contractors and subcontractors. Giercyk is subcontractor Harring's employee, who was injured while working on the renovation project.

Great Lakes argues it is entitled to judgment as a matter of law because the independent contractor and subcontractor exclusion applies to subcontractors hired by "any insured" and thus

precludes coverage.  (Doc. No. 19 at p. 3 (quoting Ins. Pol'y at p. 76).)

Wagner disagrees and argues that the independent contractor and subcontractor exclusion applies only to contractors or subcontractors "hired by you or on your behalf."  (Doc. No. 17 at pp. 6–7 (quoting Ins. Pol'y at p. 76).)  Wagner contends that the words "you" and "your" in the policy refer only to "the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy."  (*Id.* at p. 7 (quoting Ins. Pol'y at p. 41).)  Wagner reasons that because the only "Named Insured" is Maximus, the exclusion does not apply as Harring is Wagner's subcontractor, not Maximus' subcontractor.  (*Id.* at pp. 7–8.)  Therefore, Wagner argues that Great Lakes owes insurance benefits to Wagner for the underlying complaint brought by Wagner's subcontractor Harring's employee.  (*Id.*)

Other judges applying Pennsylvania law have interpreted policy provisions barring coverage when an individual has a relationship with "any insured" to mean what they say, regardless of the precise relationship between the injured individual and the insured he or she sues.  For instance, in *Westminster American Insurance Co. v. Security National Insurance Co.*, the court was asked to consider whether an employee of a prime contractor was able to assert a claim against a subcontractor and the building owner when the prime contractor and the building owner were listed as additional insureds on the subcontractor's insurance policy.  Civil Action No. 20-2195, 2021 WL 3630464, at *1–2 (E.D. Pa. Aug. 16, 2021).  At issue was a clause in that policy which "explicitly exclude[d] coverage for bodily injury to an employee of 'any insured.'" *Id.* at *6.  Based on that language, the court found that the insurance policy did not cover the employee's claims against the subcontractor or the building owner.  *Id.*  "To find otherwise," the court said, "would 'distort the meaning of the language.'"  *Id.* (quoting *Madison Constr. Co.*, 735 A.2d at 106); *see also id.* at *5 (collecting cases).

6

Likewise, in *Westport Insurance Corp. v. Hanft & Knight, P.C.*, the court was asked to determine the meaning of a legal malpractice insurance policy which barred coverage if "any insured" profited from the alleged malpractice, or was aware of the alleged malpractice prior to applying for the policy.  523 F. Supp. 2d 444, 460–61 (E.D. Pa. 2007).  The insurance company argued that it did not have a duty to defend or indemnify the insured law firm.  The court ruled that because the alleged malpractitioner was also an insured under the policy, the exclusion, which barred coverage if "any insured" was aware of or profited from the malpractice, unambiguously applied.  *Id.*  As the court explained, "Pennsylvania law is clear that the use of the term 'any insured' in these exclusions, rather than 'the insured,' bars coverage for innocent co-insureds."  *Id.* at 461.

Similar principles govern here.  Even accepting Wagner's definition of "your," the subcontractor exclusion applies.  This exclusion provides that "[a]n independent contractor or subcontractor will be considered to be hired by you or on your behalf if the independent contractor or subcontractor was hired directly by any insured."  (Ins. Pol'y at p. 76.)  In other words, an independent contractor or subcontractor will be considered to have been hired on behalf of the named insured—and thus injuries sustained by them and their employees are not covered by the policy—if the contractor was hired by any insured, whether they be a named insured *or* additional insured under the policy.[3]  Here, it is undisputed that Giercyk was employed by Harring.  Subcontractor Harring was hired by Wagner—an additional insured listed in Maximus's policy.  Therefore, even if "your" as used in the exclusion refers to Maximus, by

---

[3] The Court notes that this reading of the policy's language gives legal effect to the distinctions in the policy between the exclusions that apply to "any insured" (*e.g.*, Ins. Pol'y at p. 76) and those which apply to "the insured" (*e.g.*, Ins. Pol'y at p. 42).  *See Westport Ins. Corp.*, 523 F. Supp. 2d at 461; *Pa. Tpk. Comm'n v. Transcon. Ins. Co.*, No. CIV.A. 94-5039, 1995 WL 465197, at *10 n.15 (E.D. Pa. Aug. 7, 1995).

the terms of the exclusion subcontractor Harring is considered to have been hired by Maximus or on Maximus's behalf.  As the exclusion applies, Great Lakes is not required to defend or indemnify Wagner in the underlying suit.  *See Spezialetti v. Pac. Emps. Ins. Co.*, 759 F.2d 1139, 1141–42 (3d Cir. 1985); *Westminster Am. Ins. Co.*, 2021 WL 3630464, at *6; *Westport Ins. Corp.*, 523 F. Supp. 2d at 461.

IV.

For these reasons, the Court finds that Wagner is not entitled to coverage under the policy for the underlying complaint.  Great Lakes's motion for judgment on the pleadings will be granted, and judgment will be entered in favor of Great Lakes.

An appropriate Order follows.